# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MANZOOR JAGHOORI,

                    Plaintiff,

          v.                         CASE NO.  11-3061-SAC

UNITED STATES OF
AMERICA, et al.,

                    Defendants.

## O R D E R

This action filed pro se by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF), is styled as a complaint under 42 U.S.C. § 1983.  In the caption of the complaint, plaintiff names only the United States as defendant.  In paragraph 2 of his complaint, the only defendant he lists is U.S. Immigration and Customs Enforcement (ICE).  He seeks to challenge an immigration detainer that was lodged against him at the HCF by the(ICE).

As the factual background for his complaint, Mr. Jaghoori alleges as follows.  He, his mother, and his siblings were "given American citizenship," because his father was murdered in Afghanistan for assisting the U.S. military.  He has been convicted of felony offenses and sentenced to state prison, and the ICE has placed an immigration/ deportation detainer against him.  He claims that the detainer is "restricting his liberty to obtain gainful employment and many other things."  He requests that the ICE detainer be lifted and that his rights as an American citizen be restored.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a Motion to Proceed without prepayment of fees. The fee for filing a civil rights complaint in federal court is $350.00. He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed in this court without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account over the relevant time period has been $221.62. The average monthly balance is not provided. The court therefore assesses an initial partial filing fee of $ 44.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further as a civil rights complaint, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

---

[1] In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner will be authorized to assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Alternatively, if Mr. Jaghoori indicates to the court that he actually intended to present a habeas corpus claim that should have been raised in a petition filed pursuant to 28 U.S.C. § 2241, the filing fee for such a petition is $5.00. In that event, he must amend his complaint by filing a complete Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on court-approved forms and submit the $5.00 fee to the court, or provide the current balance of his inmate account to support his IFP motion.

**SCREENING**

Because Mr. Jaghoori is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

The complaint fails to state a claim against defendants under § 1983 and fails to state sufficient facts to show a federal constitutional violation. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court "will not supply additional

3

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983); <u>see also Whitney</u>, 113 F.3d at 1173-74; <u>Drake v. City of Fort Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991)(The court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

The instant complaint clearly fails to state a claim against the named defendants under 42 U.S.C. § 1983. The United States and its agencies do not act "under color of state law." Instead, they act under color of federal law.[2] Since no cause of action lies against a federal agency under § 1983, plaintiff's complaint fails to state a claim upon which relief may be granted, and on its face is subject to being dismissed for that reason.

In order to continue to proceed under § 1983, Mr. Jaghoori must

---

[2] Generally, civil rights claims are brought against individual federal officials under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The proper defendant in a <u>Bivens</u> action is not the United States or its agencies, but the individual federal employee that directly participated in the alleged denial of a plaintiff's constitutional right. In order for this action to be treated as one under 28 U.S.C. § 1331, plaintiff would have to file a complete Amended Complaint in compliance with Rule 15, Fed.R.Civ.P., that named the proper federal employee as defendant and stated sufficient facts to show a federal constitutional violation.

amend his complaint to name as defendant a person who acted under color of state law, such as a state official or employee, and allege facts showing that the named state actor individually and personally participated in acts that harmed plaintiff in a way that violated his federal constitutional rights. The only harmful effect actually alleged in the instant complaint is that the ICE detainer is restricting Mr. Jaghoori's "liberty to obtain gainful employment." Plaintiff's statement that it is restricting his liberty to "many other things" is completely conclusory. The single factual allegation regarding employment amounts to a challenge to the conditions of plaintiff's confinement. While conditions claims are properly raised in a civil rights complaint, this allegation fails to state a claim of federal constitutional violation. It is well-settled that a state prison inmate has no federal constitutional right to be gainfully employed while serving a prison sentence. Accordingly, even if the court accepts as true that the detainer is interfering with plaintiff's ability to obtain employment while serving his state sentences, no viable § 1983 claim.

A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[3] See e.g., Galaviz-Medina v. Wooten, 27 F.3d 487, 488 (10th Cir. 1994); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir.

---

[3] The general habeas corpus statute, 28 U.S.C. § 2241, provides a federal court with authority to grant a writ of habeas corpus to a person held "in violation of the Constitution or law and treaties of the United States." 28 U.S.C. § 2241(c)(3). It also grants federal courts jurisdiction to review the lawfulness and constitutionality of executive detention.

2004).  However, an inmate seeking to challenge an immigration detainer under § 2241 may do so only when he is actually in custody pursuant to that detainer.[4]  The facts alleged by Mr. Jaghoori, that he is serving state sentences, indicate that he is not in custody due to a deportation detainer or order.  The fact that immigration officials have issued a detainer is not sufficient, by itself, to satisfy the custody requirement.  See Galaviz-Medina, 27 F.3d at 493.  It follows that if this action were liberally construed as a § 2241 petition challenging the immigration detainer, it would be dismissed because Mr. Jaghoori is not in custody pursuant to the detainer.

Moreover, plaintiff does not allege that immigration officials have taken any action with respect to his immigration status other than the issuance of a detainer.  He does not allege facts suggesting that a due process violation occurred in connection with the issuance or lodging of the detainer.  He also does not allege that the ICE detainer has affected the duration of his detention in

_____

[4]     The mere lodging of a detainer by an ICE agent does not constitute custody if the detainer is only a request that KDOC authorities notify ICE prior to inmate's release, or if no final deportation order has issued and no formal deportation proceedings have been commenced.  Nasious v. Two Unknown B.I.C.E. Agents, 657 F.Supp.2d 1218, 1229-30, aff'd 366 Fed.Appx. 894 (10th Cir. 2010)("Almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.")(and cases cited therein); but cf., Aquilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001)(custody requirement satisfied by final deportation order).  Nasious is illustrative.  There, the plaintiff initiated a federal action against defendants pursuant to Bivens, "alleging violations of his constitutional rights stemming from the filing of a federal immigration detainer" in 2005 against him while he was being held on forgery charges.  Nasious, 366 Fed.Appx. at 896.  Nasious claimed his federal due process rights were violated because he was a U.S. Citizen at the time, and not an illegal alien.  The district court held that "the lodging of the detainer had no effect on Nasious's detention because he was already in custody at the Denver County Jail awaiting the disposition of his state criminal case," and that "the detainer was nothing more than a request that Denver County authorities notify ICE prior to Nasious's release."  Id. at 896.  Mr. Jaghoori does not allege that he has been ordered removed, and that he has appealed any removal order to the Board of Immigration Appeals (BIA).

the HCF. See Nasious, 657 F.Supp.2d at 1222-23. Nor does he allege any facts indicating that the detainer constitutes a restraint on or a deprivation of life, liberty, or property protected by the U.S. Constitution. Id. Consequently, he has alleged no facts indicating that his current detention is "in violation of the Constitution or law and treaties of the United States" as would entitle him to relief under § 2241.

In addition, to proceed under § 2241, the petitioner must show that he has exhausted the available administrative remedies prior to filing suit in federal court. See Soberanes, 388 F.3d at 1309. If plaintiff is claiming that the ICE detainer is invalid because he is a U.S. citizen, he fails to allege that he has taken any steps to contest the detainer on this or any grounds or that he has provided ICE with proof that he is not subject to an immigration detainer. He also alleges no facts indicating that he has made any effort to remove the detainer through ICE or the prison grievance process.

In short, the court finds that plaintiff has failed to state a cause of action under § 1983 against the United States or ICE, and that he has failed to allege facts showing the violation of a federal constitutional right, which is a necessary element of a claim under § 1983, § 1331, and § 2241. Plaintiff is given time to allege additional facts that are sufficient to state a federal constitutional violation. He is also provided the opportunity to amend this action to a § 2241 petition, if he is actually attempting to challenge a deportation order underlying the detainer or raise some other claim appropriately raised under § 2241.

If plaintiff continues to proceed in this action as a civil rights complaint, then he must pay the assessed, initial partial

filing fee to the court within the allotted time.  If he amends the action by submitting a § 2241 petition, then he must satisfy the $5.00 filing fee as advised herein.  If Mr. Jaghoori fails to file an adequate response and satisfy the appropriate filing fee within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 44.00, if this action is to proceed as a civil rights complaint.  Any objection to this order must be filed on or before the date payment is due.

**IT IS FURTHER ORDERED** that, in the alternative, within the same thirty (30) days, plaintiff may amend this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, and satisfy the $5.00 filing fee as directed herein.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff must allege additional facts sufficient to show a federal constitutional violation, or show cause why this action should not be dismissed for failure to state a claim.

The clerk is directed to send § 2241 forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2011, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge